STATE of Wisconsin, Plaintiff-Appellant,

v.

Allen J. FEHRENBACH, Defendant-Respondent.†

Court of Appeals

*No. 83–1295–CR. Submitted on briefs January 3, 1984.—*
*Decided February 7, 1984.*
(Also reported in 347 N.W.2d 379.)

For the appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Kirbie Knutson,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Rene R. Burkhalter* of Marinette.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.   The State of Wisconsin appeals an order suppressing statements and physical evidence taken from

† Petition to review denied.

Allen Fehrenbach. The statements and evidence were obtained after the police asked Fehrenbach to go to the Marinette Police Department to identify a gun allegedly stolen from his home.[1] After identifying the gun, Fehrenbach was questioned about stolen property in his possession and about his involvement in a burglary. He admitted that he had received stolen property and participated in a burglary, and he allowed the officers to search his home and recover the stolen property. Fehrenbach was charged with burglary, party to a crime, in violation of secs. 943.10(1)(a) and 939.05, Stats., and receiving stolen property in violation of sec. 943.34(1), Stats. At the suppression hearing, the trial court held that Fehrenbach's statements were involuntarily given because the police used deceit to get him to the station. Because we conclude that an inculpatory statement is not per se involuntarily given when deceit is used, we reverse the order and remand this matter to the trial court for a further hearing to determine the voluntariness of Fehrenbach's statements.

The Wisconsin Supreme Court has not decided whether an interrogator's use of deceit, in and of itself, makes a confession inadmissible. The United States Supreme Court, however, has held that such deceit, while relevant, is not sufficient to make an otherwise voluntary confession inadmissible. *Frazier v. Cupp*, 394 U.S. 731, 739 (1969). The federal courts look at the "totality of circumstances" surrounding the confession to decide if it was voluntarily given. *Id.*

We adopt the conclusion reached in *Frazier* and hold that an interrogator's use of deceit, while relevant, does not by itself make an otherwise voluntary confession

---

[1] Fehrenbach was contacted at his home in Menominee, Michigan, which is just over the border from Marinette, Wisconsin.

inadmissible.[2]  As in the federal courts, our trial courts must view all the circumstances surrounding the statement to decide if it was voluntarily given. *See Barrera v. State,* 99 Wis. 2d 269, 291, 298 N.W.2d 820, 830 (1980), *cert. denied,* 451 U.S. 972 (1981).  Because the trial court granted Fehrenbach's suppression motion after the state's witnesses were heard but before Fehrenbach presented any witnesses, we cannot determine whether his statements were voluntarily given.  Fehrenbach is therefore entitled to a new hearing on his motion.

*By the Court.*—Order reversed and cause remanded.

---

[2] We note that the Wisconsin Supreme Court has previously commented on the *Frazier* decision in cases where the issue presented here did not have to be reached. *See Schilling v. State,* 86 Wis. 2d 69, 88, 271 N.W.2d 631, 641 (1978) ; *Blaszke v. State,* 69 Wis. 2d 81, 88–89, 230 N.W.2d 133, 138 (1975).  In neither case did the supreme court reject or disapprove of the *Frazier* holding.